JOHN DE GROOT *v.* E. R. V. WRIGHT and wife.

1. Where a conveyance of land has been made in fee, and a third person, claiming a life estate in the same land, by virtue of an alleged parol agreement made with the grantor before the execution of the deed, seeks to reform the deed so as to protect his life estate, he must make the grantor, as well as the grantee, a party to the suit.

2. Such agreement cannot affect the grantee unless he had notice of it.

The bill alleges that, about the year 1817, Joanna De Groot, the mother of the complainant, being seized in fee simple of certain lands and premises of about eighty acres, in the county of Bergen, in consideration of natural love and affection, and of the benefits of the improvements proposed, agreed with complainant that he might take possession of the land, and make improvements thereon; and for so doing, he might enjoy the same, and take the rents and profits during his natural life. That, at this time, the land was in a low state of cultivation, and no buildings thereon; that complainant entered, in pursuance of said agreement, improved the same, built thereon a good farm-house, barn and other buildings, and planted fruit trees, all at his own expense, amounting to at least $3000; that the complainant, by himself and tenant, is still in possession of the land.

That in September, 1846, Joanna De Groot conveyed the said land and premises to Naomi C. Wright, the wife of E. R. V. Wright, and daughter of said complainant; that the only consideration therefor was natural love and affection; and that it was made and accepted with full knowledge, by the said Naomi and her husband, of the rights and interest of the complainant in the premises; and at the time, it was agreed between them that the deed was not to take effect during the lifetime of complainant, so as to interfere with his rights and interest, and that the complainant was to have

the use and occupation of the premises during his life; that, at the time she executed the deed, she was upwards of eighty years old; confided in said E. R. V. Wright, who is a lawyer, to draw the deed; and, if the said deed does not reserve the use of the said land during complainant's life, it is in violation of the agreement made by the said Naomi and E. R. V. W. with the said Joanna, and is a fraud upon the said Joanna and the complainant.

That the said E. R. V. W. and wife have commenced actions of ejectment, in the Bergen Circuit, against complainant and his tenant, to recover the possession of the said lands.

The prayer of the bill is, that the deed from Joanna to Naomi may be corrected in conformity to the agreement of the parties, so as to reserve to the complainant a life estate in the premises, and for injunction to stay the suits at law, and restrain them from commencing any like action during complainant's lifetime.

The defendants, by their answer, admit that the complainant and his mother lived together on the same farm, as stated, but fully deny all knowledge of any agreement between them, as alleged in the bill, entitling complainant to enjoy the land for his life, or for any other time, except as tenant at will, and they believe no such agreement was ever made as is alleged in the bill. They admit the improvements made upon the land, but state that the said Joanna was a widow, possessed of considerable property, consisting of money at interest, a house and lot in New York, and the land in question; that the complainant, being her only son, had her confidence, collected her moneys, and that the moneys so collected, unaccounted for, amounted to more than the value of the improvements; admit that complainant was in possession of the premises, and lived on part of the same with his mother, but say he was only tenant at will. They further say that, prior to March, 1844, Joanna D. had lost confidence in her said son, and determined to convey her property to her grandchildren, (the children of complainant,) upon the consideration of their securing to her support and maintenance during life; that, in pursuance of

of that determination, she did convey to Naomi the house and lot in New York, and to another grandson, Samuel De Groot, a part of her real estate in New Jersey, and thereupon the said E. R. V. W. and S. De G. executed to the said Joanna a deed of covenant to support and maintain her during life ; that, afterwards, the said Joanna discovered that her son, the complainant, without her knowledge, had encumbered the house and lot in New York, and on that account she executed the deed to Naomi mentioned in the bill. They deny fully that at this time they, or either of them, had any knowledge, intimation or belief that the complainant had any interest for his life, or for any other term, in the said land, and they deny any such agreement respecting it as is alleged. They deny that the deed was drawn in any way different from any agreement between them and the said Joanna, or different from her understanding, wishes, or instructions, but according to her wishes and instructions.

Upon filing the bill, an injunction was granted to stay the proceedings of the ejectment suit, which was dissolved upon the coming in of the answer.

Proofs were taken in support of the bill, and *contra ;* and the cause came on for final hearing at February Term, 1852.

*Mr. W. Pennington,* for complainant.

*Messrs. Zabriskie* and *P. D. Vroom,* for defendants.

THE CHANCELLOR. The defendants, by their answer, having denied every material fact upon which the complainant's equity rests, we must look to the proofs alone for the support of the case made by the bill.

The specific relief prayed for by the bill is, that the deed from Joanna De Groot to Naomi Wright may be reformed and corrected in conformity to the agreement of the parties, so as to reserve to the complainant a life estate in the pre-

mises, and the defendants be enjoined from further prosecuting their actions of ejectment, and from commencing any other action to disturb the complainant's possession during his life.

There can be no decree for a reformation of the deed with the parties now before the court. That is a question in which Joanna De Groot is immediately interested, and for that relief a decree against her would be required.

But there is nothing in the proofs taken that would justify a further investigation upon this part of the case.

The allegations of the bill are, that the deed was made and accepted, with full knowledge by the defendants, of the rights and interest of the complainant in the premises ; that it was understood and agreed between the parties at the time, that a reservation of those rights should be contained in the deed ; and if they are not so reserved, it is a fraud upon the said Joanna and the complainant.

Joanna De Groot, whom the complainant examined as a witness, testifies that the deed was made as she intended it should be. And it further appears from her testimony, and that of the other witnesses who were cognizant of the whole transaction, that one of the objects in making the deed was, to place the property in a situation so as to prevent the creditors of the complainant, upon the death of his mother, from reaching any interest he might have in it. The proof of any fraud upon the part of Mr. Wright, in respect to drawing the deed, wholly fails, and the evidence, all of which is taken on the side of the complainant, places the matter beyond a doubt, that the deed was drawn in conformity to the wishes of the old lady and the understanding of all the parties.

But the complainant insists that, upon the case made, he is entitled to the injunction prayed for in his bill, by way or in lieu of a specific performance of the alleged agreement made between his mother and himself. The agreement is alleged to have been, that he should enjoy the possession of, and the rents and profits of the premises during his life, in consideration of the improvements he should put

upon them. It is alleged that improvements were put by him upon the premises under that agreement; that the defendants knew of that agreement and promised, at the time the deed was executed, that it should be carried out. That this court ought, under the circumstances of the case, by way of injunction as prayed for, to secure to the complainant the benefit of his agreement with Joanna De Groot.

Admitting the agreement between the complainant and Joanna to have been made, as the bill alleges, and that this court could have decreed a specific performance as between them, it by no means follows that the complainant is entitled to any relief as against these defendants, which will at all impair the rights which were acquired under the deed to Naomi Wright. The charges in the bill affecting the rights of the defendants, to wit, that they knew of this alleged agreement; that they promised to carry it out, and that, through fraud, it was not incorporated in the agreement, are all of them not only denied by the answer, but are disproved by the evidence introduced by the complainant himself. Without such proof, the complainant has no equity as against these defendants. The deed to them is in no way impeached or called in question, except in the particulars referred to. It is true there is some evidence of an understanding that the complainant's possession should not be interfered with during his life, and that one or both of the defendants did promise to this effect. But the evidence does not show that the deed was executed, in part, upon the consideration of such promise, or that when such promise was made, the defendants, or either of them, had ever heard of any agreement between the complainant and his mother, or that they knew, or had reason to believe, that the complainant had any equity, by reason of any improvements he had put upon the premises. They are therefore *bona fide* purchases without notice. In justice to the defendants, the daughter and son-in-law of the complainant, it should here be mentioned that before the suits at law were commenced, they expressed a willingness that the complainant should retain the possession of the premises, upon

acknowledging their title. They offered to lease him the premises at the nominal rent of one dollar a year. He not only rejected the offer, but denied they had any right in the premises.

Was there ever any agreement between the complainant and Joanna De Groot, the performance of which this court could enforce?

Joanna De Groot says, "There was no understanding I know of about that place when he commenced these improvements, no further than that it was all his as far as he *knowed*; there was nothing said about it that I remember."

And again, on cross-examination, " When my son went on to make the improvements spoken of, there was no agreement between us that he should have it for life; why should there be? He was my only child, and I and he expected that he would have everything that I owned when I died. If he had had good luck in the world, there never would have been any trouble with it."

This is the only witness called by the complainant to prove the agreement. It is manifest, then, that there was no *express* agreement.

On behalf of the complainant, it is insisted that there was an implied agreement arising from the circumstance of his improving the property, and the value of those improvements.

Without stopping to inquire whether the court will *infer* an agreement from such circumstances, for which they will decree a specific performance, let us see how the complainant sustains this part of his case by evidence.

The improvements which have been put upon the premises are valuable, but how much money has been expended does not appear.

What does Joanna De Groot say with respect to them?

She says, " All these improvements were made at the expense of John De Groot; I had nothing to do with it at all."

She further says that he has been in the possession of the premises since 1817, and has taken to himself the profits.

De Groot v. Wright and wife.

That while making the improvements he had charge of all her affairs, " money and everything else. He collected my interest and New York rents and expended the money as he thought right—who else should do it?" She refused to tell whether he had expended the principal of her money she had at interest. She was an old lady, and at the time of her examination eighty-six years of age.

It appears that during all the time the complainant occupied the premises his mother lived with him; that while he was making these improvements he had the management of all her affairs, and the use of all her money, which amounted to a considerable sum—very much larger than the value of all the improvements put upon the premises. The house in New York brought a rent of $400 a year, which he collected and used. He raised upon that house on mortgage $2500, unknown to her, and for which he did not account to her, and at one time she paid for him a debt of a thousand dollars; that he became embarrassed in his circumstances, and when the sheriff was inquiring for property out of which to raise money to satisfy claims against the complainant, he said he had no interest in the property, and was only a tenant at will.

From these circumstances it is that this court is now asked to infer an agreement that he was to have a life interest in this property, and to make a decree by which it may be secured to him.

Upon a case like this, I do not feel myself called upon to decide any of the vexed questions of law discussed upon the argument, for whatever might be my conclusions, I could make no application of them to this case, from which the complainant could derive any advantage.

The bill must be dismissed, with costs.